**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **T.D., R.D., and J.M.**

**No. 22-880** (Harrison County 21-JA-35-2, 21-JA-36-2, and 22-JA-113-2)

**MEMORANDUM DECISION**

Petitioner Mother V.W.[1] appeals the Circuit Court of Harrison County's October 31, 2022, order terminating her parental rights to the children, T.D., R.D., and J.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2021, the DHHR filed a petition regarding the children T.D. and R.D. alleging that petitioner and the children's father abused alcohol and engaged in domestic violence in the presence of the children. The petition additionally outlined the parents' Child Protective Services ("CPS") history, stating that they were involved with CPS in two other states in the years leading up to the current matter. The events giving rise to the instant petition began in February 2021, when there was a domestic violence altercation between the parents. Police reported that when they arrived, petitioner appeared extremely intoxicated. Police further stated that they had been called to the parents' residence for domestic violence multiple times and observed their intoxication. Both parents were adjudicated as abusive and neglectful based upon the evidence presented at a hearing held in March 2021.

The parents were granted an improvement period in April 2021, which was extended by agreed order in September 2021. A second improvement period was granted in February 2022. The children were returned to the parents' care for a trial reunification in April 2022. However,

---

[1]Petitioner appears by counsel Julie Garvin. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Dreama Sinkkanen appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

shortly thereafter, the DHHR filed an amendment to the petition in June 2022, adding the child J.M.[3] and alleging further domestic violence and alcohol-related incidents had occurred.

A second adjudicatory hearing was held in August 2022 regarding the amendment to the petition. The court heard testimony from the parents, two police officers, and a CPS worker. Based on the evidence presented, the court found that in May 2022, petitioner engaged in a domestic violence event with the father, after which the father drove drunk with R.D. in the vehicle. Neither parent advised CPS of this. Upon learning of the occurrence, CPS arranged for petitioner and the children to stay in a domestic violence shelter and petitioner agreed to have no contact with the father. However, in June 2022, petitioner left the shelter and resumed cohabitating with the father after bailing him out of jail for a drunk driving charge. When asked by CPS, petitioner initially denied bailing the father out of jail; however, she admitted doing so when confronted with the bail bondsman's paperwork bearing her signature. During this conversation with CPS, petitioner said, "I'm not doing this anymore, just come and get them," referring to the children. When CPS arrived to retrieve the children, petitioner was heard instructing the children, "don't tell them [CPS] anything." At the conclusion of the adjudicatory hearing, the court found that petitioner had not been honest with the DHHR or the court in these proceedings, that the parents continued to engage in domestic violence in the presence of the children, and that petitioner failed to protect the children. Therefore, the court found all three children to be abused and neglected, and adjudicated petitioner as an abusing and neglecting parent. Petitioner filed an additional motion for an improvement period following this hearing.

The court proceeded to disposition in October 2022, at which time the DHHR and guardian supported termination of petitioner's parental rights. The court heard testimony from the parents, a CPS worker, and a family services coordinator. Based on the evidence presented, the court found that, despite participating in some services offered by the DHHR, petitioner failed to make substantial improvements. Specifically, the court noted that petitioner missed drug screens; did not participate in domestic violence counseling; and continued to reside with the father, by which she minimized the issue of domestic violence and its effects on the children. Therefore, the court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and it was necessary for the welfare of the children to terminate petitioner's parental rights. It is from the dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the court erred by failing to grant the additional improvement period and proceeding to terminate her parental rights rather than employing a less restrictive dispositional alternative. We disagree and find no error in the circuit court's order.

---

[3]J.M.'s parents are petitioner and a different father, A.M., who is deceased. Upon A.M.'s passing, the mother brought J.M. to the home she shared with the father of T.D. and R.D. When using "father" in this MD, we refer to B.D., the father of T.D. and R.D.

[4]The father's parental rights to T.D. and R.D., and his custodial rights to J.M. were also terminated. The permanency plan for the children is adoption by foster placement.

Under West Virginia Code § 49-4-610(3)(D), in order to obtain an additional improvement period, petitioner was required to "demonstrate[] that since the initial improvement period, . . . [she] experienced a substantial change in circumstances" and "that due to that change in circumstances . . . [she was] likely to fully participate in a further improvement period." The record illustrates that petitioner simply could not meet this burden. Petitioner was previously granted two improvement periods with an extension and, although she initially appeared to make some improvement, the ongoing domestic violence in the home and failure to prioritize protection of the children ultimately demonstrated no substantial change in circumstances. In fact, the evidence shows the issues escalated once the children were returned to petitioner's care for a trial reunification, indicating that petitioner clearly failed to benefit from services. Based upon this evidence, we find no error in the denial of petitioner's motion for an additional improvement period, as the circuit court had discretion to deny an improvement period when no improvement was likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002); *see also State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) ("the trial court must accept the fact that the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency.").

We further find no error in the court's decision to terminate petitioner's parental rights without employing a less restrictive dispositional alternative under West Virginia Code § 49-4-604(b). We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The court found that petitioner continued to engage in the same pattern of behavior which threatened the health, safety, and welfare of the children despite participating in some services. As we have explained, "the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Petitioner's minimal compliance with improvement period terms is insufficient to demonstrate error and the persisting issues once the children were placed back in the home prove termination was in the children's best interests. Based on the weight of the evidence, the court properly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination was necessary for the welfare of the children. Because the court had ample evidence upon which to base these findings, we conclude that it did not err. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 31, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn